## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>FOX AUTO SALES, INC.,<br><br>            Debtor.<br><br>HAROLD B. MURPHY, Chapter 7 Trustee<br>of Fox Auto Sales, Inc.,<br><br>            Plaintiff,<br><br>v.<br><br>SHAMROCK FINANCE, LLC<br><br>            Defendant. | Chapter 7<br><br>Case No. 14-12874-FJB<br><br><br><br>Adv. Proc. No. 16-01105-FJB |

## STIPULATION OF SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND SHAMROCK FINANCE, LLC

This stipulation (the "Stipulation") is entered into on this 2nd day of November, 2016, by and between Harold B. Murphy ("Trustee"), the duly appointed Chapter 7 trustee of Fox Auto Sales, Inc. ("Fox Auto" or the "Debtor") and Shamrock Finance, LLC ("Shamrock"). The Trustee and Shamrock (sometimes collectively referred to as the "Parties") stipulate and agree as follows:

### RECITALS

WHEREAS, Fox Auto commenced this case by the filing of a voluntary petition for relief under Chapter 7 of 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code") on June 16, 2014 (the "Petition Date") and the Trustee was subsequently appointed Chapter 7 trustee.

1

WHEREAS, Fox Auto was in the business of selling used automobiles and was owned and managed by Keyan Rouchi ("Rouchi").

WHEREAS, on or about February 12, 2014, Fox Auto entered into a certain line of credit arrangement with Shamrock (the "2014 Loan"). In connection with the 2014 Loan, Rouchi, both individually and on behalf of Fox Auto, executed a certain Commercial Promissory Note (the "Note") in an amount of up to $30,000 and a certain Collateral Assignment of Vehicle Titles (the "Security Agreement") which purported to assign to Shamrock, as collateral, titles to vehicles purchased with amounts borrowed from Shamrock.

WHEREAS, prior to the Petition Date Fox Auto acquired, among others, the following vehicles: 2003 Jeep Liberty; 2003 Nissan Altima; 1999 Toyota Camry; 2000 Toyota Camry; 2001 Toyota Camry; 2002 Saturn Vue; 2005 Hyundai Elantra GT; and 2003 Jeep Liberty Limited (collectively, the "Vehicles").

WHEREAS, around the time of the Petition Date, Shamrock took possession of the Vehicles purportedly pursuant to the right granted to it under the Security Agreement (the "Transfers").

WHEREAS, Shamrock subsequently cause the Vehicles to be sold at auction and received net proceeds from those sales approximately $8,000.

WHEREAS, the Trustee has asserted that Shamrock failed to perfect any asserted security interest in the Vehicles.

WHEREAS, on June 1, 2016 Shamrock filed a claim in this case [claim no. 5-2] (as amended, the "Claim") in the amount of $23,583 for asserted obligations of the Debtor under the Note, which Claim does not account for the Transfers or the Vehicles.

WHEREAS, on June 15, 2016, the Trustee commenced this action by filing a complaint seeking to avoid Shamrock's asserted liens, avoid the Transfers, recover the value thereof for the benefit of the Debtor's estate, and disallow the Claim.

WHEREAS, Shamrock has raised certain defenses to the Trustee's claims and the Parties have determined to resolve their disputes in order to, among other things, avoid the costs and uncertainties of litigation.

**NOW THEREFORE,** the Parties hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Shamrock shall pay to the Trustee the sum of $8,000 (the "Settlement Payment"). The Settlement Payment has been placed in escrow and will be paid to the Trustee upon entry of a Final Order (as defined below).

2. Upon the entry of a Final Order approving this Stipulation and payment of the Settlement Amount:

    a. The Parties shall file a stipulation of dismissal of this adversary proceeding; and

    b. Each of the Parties and their respective members, agents, attorneys, employees, officers, directors and shareholders, and all others claiming by, through, or under any or all of them, shall hereby remise, release and forever discharge each other and each of their respective members, agents, attorneys, employees, officers, directors and shareholders, from any and all claims, (including any claim pursuant to section 502(h) of the Bankruptcy Code), demands, causes of action, obligations, damages and liabilities of any nature whatsoever, whether in law or equity, known or unknown, disclosed or undisclosed, anticipated or unanticipated, asserted or unasserted, direct or indirect, contingent or liquidated that the Parties had or now have, or may claim to have, from the beginning of the world to the date of this Stipulation relating to the Transfers and the Debtor's estate;

    c. Shamrock shall waive any and all claims against the Debtor's estate including, without limitation, any right to file a claim under 11 U.S.C. § 502(h) against the Debtor's estate on account of the Settlement Payment. The foregoing waiver of claims is without prejudice to the rights and

3

claims of Shamrock under this Agreement, and the right to assert any claims that may arise subsequent to the entry of this Agreement.

3. For purposes of this Stipulation, the term "Final Order" shall mean an order as to which the time to appeal, petition for *certiorari*, or seek reargument or rehearing has expired and as to which no appeal or petition for rehearing or certiorari is pending or, if an appeal or petition for rehearing or certiorari has been timely filed or taken, the order or judgment has been affirmed by the highest court to which the order was appealed or the petition for rehearing or certiorari has been denied and the time to take any further appeal or to seek any rehearing or certiorari has expired.

4. This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

5. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

6. The Parties acknowledge the resolution set forth in this Stipulation to be a consensual resolution. Nothing contained in this Stipulation shall be considered as an admission of liability or part or present wrongdoing by the Parties.

7. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

8. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.

This Stipulation may be executed by facsimile, electronic mail, and/or portable document format (".pdf").

9. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation, and (b) that each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

10. The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

11. This Stipulation shall have no force or effect unless it is approved by the Court.

| | |
|---|---|
| HAROLD B. MURPHY, CHAPTER 7 TRUSTEE | SHAMROCK FINANCE, LLC. |
| By his attorneys, | By its attorneys, |
| /s/ *Christopher M. Condon* <br> Christopher M. Condon (BBO #652430) <br> Murphy & King, Professional Corporation <br> One Beacon Street <br> Boston, MA  02108 <br> Tel:  (617) 423-0400 <br> Fax:  (617) 556-8985 <br> Email: ccondon@murphyking.com | /s/ *James J. Mcnulty** <br> James J. McNulty, Esq. (BBO# 339940) <br> 40 Court Street, Suite 1150 <br> Boston, Massachusetts 02108 <br> Tel: (617) 263-3300 <br> jjm@jjmcultylaw.com |

* Executed pursuant to ECF Rule 8(b)(2).

Dated:  November 2, 2016